UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CREATIVE ENTERTAINMENT SERVICES
& MANAGEMENT GROUP, LLC                    Index No. 2022-civ-_____

                     Plaintiff,

            -against-                              **COMPLAINT**

                                                      **JURY DEMANDED**
ROBERT STARK LIGHTING, LLC,

                    Defendant.
---------------------------------------------------------x

Plaintiff Creative Entertainment Services & Management Group, LLC ("Creative Entertainment"), by its attorneys, Romano Law PLLC, as and for its complaint against defendant Robert Stark Lighting, LLC ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action for damages arising out of Defendant's breach of contract and violation of the Freelance Isn't Free Act. Alternatively, Creative Entertainment seeks redress under the theories of unjust enrichment and quantum meruit.

2. Pursuant to a written subcontractor agreement between the parties, Creative Entertainment provided Defendant with materials and installation services for a project in Queens, New York. Despite Creative Entertainment fulfilling its end of the contract, Defendant has not paid Creative Entertainment a dime.

## THE PARTIES

3. Plaintiff Creative Entertainment is a single member limited liability company formed under the laws of Tennessee with its principal place of business located at 129 Perimeter Park Road, Knoxville, TN 37922.

4. Creative Entertainment's sole member, Ronald T. Bullard, Jr., is a citizen and resident of Tennessee. Thus, Plaintiff is a citizen of Tennessee.

5. Upon information and belief, Defendant is a single-member limited liability company formed under the laws of New Hampshire, with its principal place of business located at 426 West 45th Street, Suite #1FE, New York, NY 10036.

6. Upon information and belief, Defendant's sole member is Jeremy Shepard.

7. Upon further information and belief, Jeremy Shepard is a citizen and resident of the State of New Hampshire. Upon further information and belief, Jeremy Shepard may have an additional residence in New York.

8. Upon further information and belief, there is no member of Defendant that is a citizen or resident of Tennessee.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over Defendant because Defendant's principal place of business in located in the New York.

11. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in New York.

12. This Court has personal jurisdiction over Defendant because Defendant purposefully transacted business within New York and such business directly relates to the claims asserted in this action.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

**FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF**

14. Creative Entertainment is a long-recognized service provider in the entertainment and education industries.

15. Creative Entertainment designs, sells, and services all entertainment-related items including audio, video, theatrical lighting, digital signage, curtain systems and similar products for educational facilities, houses of worship, commercial locations, and production companies.

16. Creative Entertainment has completed over one thousand installations in the United States.

17. Upon information and belief, Defendant provides lighting design services, as well audio-visual equipment to schools within the City of the New York.

18. Upon information and belief, in early 2022, Defendant and the New York City Department of Education entered into an agreement for Defendant to provide services to install entertainment equipment at Forest Hills High School located at 67-01 110th Street, Queens, NY 11375.

A. The Subcontractor Agreement

19. On March 28, 2022, Defendant and Creative Entertainment entered into certain Subcontractor Agreement for Creative Entertainment to furnish services and equipment at Forest Hills High School (the "Subcontractor Agreement"). A true and correct copy of the Subcontractor Agreement is attached hereto as "Exhibit 1."

20. Pursuant to Section 1 of the Subcontractor Agreement, the full scope of services and materials to be provided by Creative Entertainment is set out in invoices attached to the Subcontractor Agreement (the "Services"). *See* Exhibit 1.

21. Pursuant to Section 2 of the Subcontractor Agreement, the parties agreed that the Services were to be provided in two phases. The first phase was to be completed on or before April 21, 2022 ("Phase 1"), with the second phase and all remaining services to be completed on or before October 1, 2022, subject to any unforeseen delays ("Phase 2").

22. Pursuant to Section 2 of the Subcontractor Agreement, Defendant agreed to pay Creative Entertainment Three Hundred Forty-Nine Thousand Two Hundred and Eight U.S. dollars ($349,208) (the "Contract Price").

23. Pursuant to Section 2 of the Subcontractor Agreement, Defendant agreed to pay Creative Entertainment One Hundred Fifty-Five Thousand Two Hundred Seventy-Four U.S. dollars ($155,274) of the Contract Price for Phase 1.

24. One Hundred Ninety-Three Thousand Nine Hundred Thirty-Four U.S. dollars ($193,934) was to be paid for Phase 2 of the Services.

25. Pursuant to Section 2 of the Subcontractor Agreement, Defendant agreed to make payment when the Services were complete pursuant to invoices attached to the Subcontractor Agreement between the parties.

26. Pursuant to invoices 4450 and 4451, attached to the Subcontractor Agreement, Defendant was to pay Creative Entertainment within ten (10) days of completion of work, for both invoices.

27. Pursuant to Section 8 of the Subcontractor Agreement, Defendant's failure to make timely payment is a material default.

B. Defendant Breaches the Subcontractor Agreement

28. On April 22, 2022, the day after Phase 1 completion, Creative Entertainment duly notified Jeremy Shepard via text message that the Services for Phase 1 has been completed.

29. On May 2, 2022, when Phase 1 payment was due, Defendant did not pay the agreed Phase 1 amount to Creative Entertainment.

30. On August 22, 2022, Ronald T. Bullard, Jr. sent a text message to Jeremy Shepard of Defendant inquiring into payment.

31. On September 22, 2022, Ronald T. Bullard, Jr. again followed upon with Jeremy Shepard requesting payment and other information.

32. On September 22, 2022, Jeremy Shepard of Defendant did not make the requested payment but responded to Ronald T. Bullard, Jr. that it was time for Creative Entertainment to pick up its materials from the installation site in Queens, New York.

33. Creative Entertainment understood Defendant's instruction to "pick up" Creative Entertainment's materials from the jobsite in Queens, New York to mean that Defendant was repudiating its Subcontractor Agreement.

34. On September 22, 2022, Creative Entertainment sent a Notice of Breach of Contract via e-mail to Defendant.

35. On September 27, 2022, Creative Entertainment sent a 14-Day Demand Letter for Payment (the "Demand Letter") via overnight mail.

36. On November 9, 2022, Creative Entertainment sent a final request of payment via e-mail to Defendant.

37. In the email dated November 9, 2022, Creative Entertainment informed Defendant that it is prepared to satisfy its remaining contractual obligations for Phase 2 of the Subcontractor Agreement, upon receipt of payment from Defendant for Phase 1.

38. To date, Defendant has not responded to the Demand Letter.

## **FIRST CLAIM FOR RELIEF**
### Breach of Contract

39. Creative Entertainment incorporates by reference each and every allegation contained above as though fully set forth herein.

40. The Subcontractor Agreement is a valid and binding contract between Creative Entertainment and Defendant.

41. Creative Entertainment duly performed its obligations with respect to Phase 1 of the Services pursuant to the Subcontractor Agreement.

42. Creative Entertainment has been ready and willing to fulfill its remaining obligations with respect to Phase 2 of the Services upon receipt of payment from Defendant.

43. In reliance on the terms of the Subcontractor Agreement, Creative Entertainment has incurred costs and expenses in preparation for performance and equipment to be provided with respect to Phase 2 of the Services.

44. Despite Creative Entertainment's continuing demands for payment, Defendant has failed to perform its contractual obligations to pay invoice 4450 for Phase 1 of the Services to Creative Entertainment as required by the Subcontractor Agreement.

45. Defendant breached the Subcontractor Agreement by failing to make payments to Creative Entertainment by the time agreed upon by the parties.

46. On September 22, 2022, Defendant repudiated the Subcontractor Agreement by directing Creative Entertainment to "pick up" its materials at the jobsite.

47. As an actual and proximate cause of Defendant's breaches and repudiation of the Subcontractor Agreement, Creative Entertainment has suffered damages in amount to be determined at trial but in any event no less than $349,208.

**SECOND CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Alleged in the alternative)**

48. Creative Entertainment incorporates by reference each and every allegation contained above as though fully set forth herein.

49. Creative Entertainment provided services and labor to fulfill Phase 1 of the entertainment equipment installation project at Forest Hills High School.

50. Creative Entertainment was not paid a dime for the services and labor it provided.

51. It is against equity and good conscious to permit Defendant to retain the benefits bestowed upon it by Creative Entertainment.

52. As an actual and proximate cause of Defendant's unjust enrichment, Creative Entertainment has suffered damages in amount to be determined at trial but in any event no less than $155,274.

**THIRD CLAIM FOR RELIEF**
**Quantum Meruit**
**(Alleged in the alternative)**

53. Creative Entertainment incorporates by reference each and every allegation contained above as though fully set forth herein.

54. Defendant requested services and labor from Creative Entertainment which Creative Entertainment provided.

55. Creative Entertainment provided services and labor in good faith to Defendant.

56. The services and labor were provided at Defendant's behest and Defendant knowingly and voluntarily accepted the services that Creative Entertainment provided.

57. Entertainment reasonably expected to be compensated for the services and labor provided and Defendant knew of this expectation.

58. Defendant has not paid Creative Entertainment for the services and labor provided by Creative Entertainment.

59. The reasonable value of the services provided by Creative Entertainment is $155,274.

60. As a result of Defendant's failure to pay Creative Entertainment for the reasonable value of the services provided, Creative Entertainment has suffered damages in amount to be determined at trial but in any event no less than $155,274.

### FOURTH CLAIM FOR RELIEF
### Violation of the Freelance Isn't Free Act: New York City Code §§20-929, 20-933

61. Creative Entertainment incorporates by reference each and every allegation contained above as though fully set forth herein.

62. Creative Entertainment, as a single-member limited liability company "composed of no more than one natural person," is a freelance worker under New York City Code § 20-927.

63. Creative Entertainment's only employee is Ronald T. Bullard, Jr.

64. Defendant entered into the Subcontractor Agreement with Creative Entertainment as a hiring party on March 28, 2022 for the freelance services to be performed by Creative Entertainment with respect to the installation project at Forest Hills High School, located in Queens, New York.

65. The value of said services is $349,208, as evidenced by invoices 4450 and 4451.

66. Services, labor and materials were provided by Creative Entertainment in the City of New York.

67. Creative Entertainment relied on and abided by the terms of the Subcontractor Agreement and has performed its contractual obligations to Defendant for Phase 1 of the installation project at Forest Hills High School.

68. Pursuant to the Subcontractor Agreement, Defendant's payment obligation is conditioned upon completion of each phase of the services.

69. On or about April 21, 2022, Creative Entertainment has fully performed its obligations with respect to Phase 1 of the services.

70. Defendant did not pay invoice 4450 within ten days after Phase 1 was completed.

71. By reason of the foregoing, Defendant willfully violated the requirements of the New York City Code §20-929 and is liable for an amount of double damages, to be determined at trial, but no less than $698,416, as well as Creative Entertainment's reasonable attorneys' fees and costs.

## DEMAND FOR TRIAL BY JURY

72. Creative Entertainment respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Creative Entertainment Services & Management Group, LLC requests the Court issue an order entering judgment in its favor, and against Defendant Robert Stark Lighting, LLC as follows,

(a) on the first claim for relief, an amount to be determined at trial but no less than $349,208;

(b) in the alternative, on the second claim for relief, an amount to be determined at trial but no less than $155,274;

(c) in the alternative, on the third claim for relief, an amount to be determined at trial but no less than $155,274;

(d) on the fourth claim for relief, an amount to be determined at trial, but no less than $698,416 representing, an award for double damages;

(e) on the fourth claim for relief; an award of Creative Entertainment's reasonable attorney's fees and costs;

(f) on all claims for relief, an award of interests and costs; and

(g) ordering or awarding Creative Entertainment Services & Management Group, LLC such other and further relief as the Court deems just and proper.

Dated:       December 21, 2022
             New York, New York

                                        Respectfully submitted,

                                        ROMANO LAW PLLC

                                        By:   /s/ Nicole Haff
                                                Nicole Haff
                                        55 Broad Street, 18th Floor
                                        New York, New York 10004
                                        Phone: (212) 865-9848
                                        Email: nicole@romanolaw.com

                                        *Attorneys for Plaintiff Creative Entertainment Services & Management Group, LLC*